**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SANTOS ZENON, JR.,**

    **Plaintiff,**

v.                                                Case No.  8:07-cv-2198-T-30MAP

**PALISADES COLLECTION, LLC and**
**LAW OFFICES OF ERSKINE &**
**FLEISHER,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon The Law Office of Erskine and Fleisher's ("Erskine and Fleisher") Motion to Dismiss Plaintiff's Complaint (Dkt 13).  Plaintiff has failed to timely respond to the instant motion.  The Court, having considered the motion and supporting memoranda without a response, and being otherwise fully advised in the premises, determines that it should be granted.

Plaintiffs claims arise out of the alleged unfair and deceptive debt collection practices of Palisades Collection, LLC ("Palisades"), and Erskine & Fleisher (together, "Defendants"). Plaintiff claims Palisades improperly attempted to collect a debt he had already paid by: (i) placing harassing telephone calls to Plaintiff and his family, (ii) reporting the disputed debt to various reporting agencies and failing to disclose that it was disputed, and (iii) hiring Erskine & Fleisher and filing a lawsuit in order to collect the debt.  On or about May 3, 2006,

Palisades filed a lawsuit in state court seeking to recover the disputed debt. The lawsuit was voluntarily dismissed without prejudice on February 27, 2007.

Plaintiff claims the Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and Florida's Consumer Collection Practices Act, Fla. Stat. § 595.55 ("FCCPA"). Pursuant to 15 U.S.C. § 1692K, a plaintiff may bring an action for an alleged violation of the FDCPA "within one year from the date on which the violation occurs." Erskine & Fleisher argues that Plaintiff's FDCPA claim is time barred because this action was filed approximately seven months after the FDCPA's one year statute of limitations expired. The Court agrees.

The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered. *See Cooper v. F.A. Management Solutions, Inc.*, 2007 WL 4326800 *4 (M.D.Fla. Dec. 7, 2007) (*citing Maloy v. Philips*, 64 F.3d 607, 608 (11th Cir. 1995), rehearing, *en banc* denied, 72 F.3d 890 (11th Cir. 1995) (holding statute of limitations began to run on FDCPA claim the day after collection letter was mailed, not on the date it was received). The alleged misconduct of Palisades and the misrepresentation of Plaintiff's debt culminated in the filing of the lawsuit on May 3, 2006, by Erskine & Fleisher. The one year limitation period began run when the lawsuit was filed. *See Id.* (*citing Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (holding the statute of limitations began to run on debtor's FDCPA claim on the date debt collector filed its complaint in state court)).

Plaintiff has failed to respond to the instant motion, and thus appears to have conceded that the statute of limitations has run on his FDCPA claims. While Palisades has not joined

the instant motion, the Plaintiffs' claims against Palisades arise out of the same facts and are subject to the same statute of limitations. Accordingly, the Court concludes that Plaintiff's FDCPA claims against both Defendants should be dismissed for failure to state a claim upon which relief can be granted. As the Court is dismissing all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 13) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice**.

3. Plaintiff may amend his Complaint within twenty (20) days if he can allege a violation of the FDCPA within the applicable statute of limitations period. Failure to do so will result in the dismissal of Plaintiff's FDCPA claims with prejudice and the closure of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on February 21, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-CV-2198.MTD.frm